# EXHIBIT 2

5/3/2017 1:53:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16811966
By: Nelson Cuero
Filed: 5/3/2017 1:53:28 PM

2017-29731 / Court: 270

Cause No. _____________

| | | |
|---|---|---|
| ARGENTUM HOLDINGS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMERICAN ZURICH INSURANCE COMPANY, VERICLAIM, INC. and NICHOLAS WARREN | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND**

TO THE HONORABLE JUDGE & JURY OF HARRIS COUNTY CITIZENS:

Plaintiffs ARGENTUM HOLDINGS, LLC ("Argentum") ("Plaintiff") file this Original Petition against Defendants AMERICAN ZURICH INSURANCE COMPANY ("Zurich" or "Carrier"), VERICLAIM, INC ("Vericlaim"), and NICHOLAS WARREN ("Mr. Warren") (collectively "Defendants") and would respectfully show the following:

**Discovery Control Plan**

1.1 Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

**Parties**

2.1 Plaintiff, Argentum Holdings, LLC is a Foreign Limited Liability Company.

2.2 Upon information and belief Zurich Insurance Company is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purposes of accumulating monetary profit. Zurich regularly conducts the business of insurance in a systematic and continuous manner in the

Unofficial Copy Office of Chris Daniel District Clerk

State of Texas. Accordingly, Zurich may be served with process by serving certified mail, return receipt requested, to **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218**.

2.3 Upon information and belief, Vericlaim is a foreign corporation operating out of its Texas offices, including its office in Harris County, for the purpose of accumulating monetary profit. Vericlaim regularly engages in the business of adjusting insurance claims in Texas and may be served with process through its registered agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

2.4 Upon information and belief, Mr. Warren is a natural person who resides and works in the State of Texas and may be served with process to **17 Longwood Road, Austin, Texas 78737**.

Unofficial Copy Office of Chris Daniel District Clerk

**Venue & Jurisdiction**

3.1 Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County and Plaintiff's property that is the subject of the insurance policy, claim, denial, and litigation is in Harris County. In particular, the adjustment of the claim by Defendants Vericlaim and Mr. Warren for losses under the policy (including underpayment of the claim and payments to be made to Plaintiff in Harris County under the policy) were conducted in Harris County, Texas. Further, investigations and policy representations, including communications to and from Defendants and Plaintiff

(including telephone calls, mailings, and other communications to Plaintiff) occurred in Harris County, Texas. Additionally, site inspections and communications serving as the basis for suit occurred at the damaged subject property in Harris County.

3.2 Plaintiff seeks damages within the jurisdictional limits of this Court. At this time, Plaintiff seeks monetary relief in an amount over $1,000,000. Plaintiff reserves the right to modify the amount and type of relief sought in the future.

Unofficial Copy Office of Chris Daniel District Clerk

**Factual Background**

4.1 On or before May 13, 2016, Zurich sold a commercial property insurance Policy bearing Policy No. ER08750970 to Plaintiff whereby Zurich would provide builders risk insurance coverage for the property located at 815-819 W. 24th Street, Houston, Texas 77008 (the "Property") in exchange for the timely payment of premiums (the "Policy"). The Property consist of structures owned by Argentum and was under construction at the time of the loss. The Policy was sold by Zurich to Plaintiff as the insured under the Policy and provides coverage for damages to the Property caused by fire.

4.2 On May 13, 2016, Plaintiff's property was substantially damaged by a fire that occurred at the Property. As a result, the structure, plumbing, windows, walls, floors, frame, roof, exterior, and interior of the Property were substantially damaged. Plaintiff filed an insurance claim under the Policy with Zurich for damages to the Property caused by the fire. Plaintiff asked that the cost of repairs be covered pursuant to the Policy. Plaintiff and its representatives properly

presented the full scope of damages consistent with the state of construction of the Property and consistent with any reasonable interpretation of the coverage provisions. Despite their liability being reasonably clear, Defendants improperly applied a co-insurance penalty to Plaintiff's loss and falsely represented that Plaintiff was underinsured resulting in a windfall for Zurich.

4.3 Specifically, Zurich is the insurer on the Property. In response to the fire claim, the Carrier assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Zurich assigned Plaintiff's claim to Vericlaim, Inc. who in turn assigned its employee Mr. Warren to adjust the damages under the Policy.

4.4 Vericlaim and Mr. Warren failed to perform a thorough investigation of the claim and improperly ignored clear damages covered by the Policy. Mr. Warren inspected the Property on May 24, 2016. He performed a substandard inspection of the Property and conducted a faulty investigation of the extent of damages, construction life cycle and temporal definitions on the Policy coverage provisions. After visiting the Property, Mr. Warren did not prepare proper estimates or scopes of damages to the Property or failed to provide those to the insured. Instead, Mr. Warren and Vericlaim looked to deny Plaintiff's claim and conducted an outcome oriented investigation geared towards concluding that Plaintiff was underinsured for the loss, of course resulting in a large financial benefit for Zurich. Mr. Warren and Vericlaim made specific false representations at the initial inspection regarding the application of the co-insurance penalty. Mr. Warren failed to hire any qualified

Unofficial Copy Office of Chris Daniel District Clerk

experts to appropriately assess the full extent of damage and afford full policy coverage. Mr. Warren delayed the claims process and failed to honestly communicate with the insured. Vericlaim and Mr. Warren performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim and the policy terms, which is evidenced by his delays, lack of communication, refusal to hire to appropriate coverage consultants, and lack of estimates or scopes of damage to account for the necessary repairs for the Property. Zurich relied on Vericlaim and Mr. Warren's claim actions and reporting in determining what amounts to pay on Plaintiff's claim and failed to perform their own adequate investigation.

4.5 Zurich, Vericlaim and Mr. Warren wrongfully underpaid Plaintiff's claim for property damages. Zurich, Vericlaim, and Mr. Warren conducted an unreasonable coverage investigation and applied a co-insurance penalty in wrongfully underpaying the claim. Zurich, Vericlaim, and Mr. Warren engaged in violative claim settlement practices by refusing to accept responsibility for the loss consistent with the policy terms and state of construction and construction values. Further, a formal denial letter was never issued to Plaintiff. Defendants represented to Plaintiff that certain damages were not covered under the Policy when in fact they were. Zurich, Vericlaim and Mr. Warren have chosen to continue to deny timely payment of the damages. As a result, Plaintiff has not been fully paid under the Policy provided by Zurich since the fire. Plaintiff was forced to hire their own consultant to independently evaluate the damages to the Property

Unofficial Copy Office of Chris Daniel District Clerk

because Defendants refused to do so. To this day, Zurich refuses to pay for the necessary repairs to the Property as required under the Policy.

4.6 As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.7 Unfortunately, Defendants have delayed payments for Plaintiff's necessary and covered property repairs under the insurance Policy that Zurich wrote. Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, and continuing economic and physical damages. Because of Defendants' delays and underpayment, Plaintiff has been unable to make necessary repairs to the Property. In addition, Plaintiff has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

**FIRST CAUSE OF ACTION---Violations of Texas Insurance Code**

5.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2 Zurich, Vericlaim and Mr. Warren failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3 Zurich, Vericlaim and Mr. Warren failed to adopt and implement reasonable standards for prompt investigation of claims arising under its Policy.

Unofficial Copy Office of Chris Daniel District Clerk

5.4 Zurich, Vericlaim and Mr. Warren failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5 Zurich, Vericlaim and Mr. Warren failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a proper reservation of rights to a policyholder in violation of Texas Insurance Code Section 541.060(a)(4).

5.6 Zurich, Vericlaim and Mr. Warren refused to pay claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.7 Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.8 Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy to Plaintiff by failing to state a material fact

Unofficial Copy Office of Chris Daniel District Clerk

that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.9 Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy under which it affords Property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). The Zurich, Vericlaim and Mr. Warren misrepresented the insurance Policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.10 Zurich, Vericlaim and Mr. Warren knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

**SECOND CAUSE OF ACTION---Prompt Payment of Claim**

6.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.10 of this Petition as if fully set forth herein.

6.2 The Carrier failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

Unofficial Copy Office of Chris Daniel District Clerk

6.3 The Carrier failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that Zurich, Vericlaim and Mr. Warren reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4 The Carrier failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by the Zurich, Vericlaim and Mr. Warren in violation of Texas Insurance Code Section 542.056(a).

6.5 The Carrier delayed payments of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

**THIRD CAUSE OF ACTION---Statutory Interest**

7.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2 Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

**FOURTH CAUSE OF ACTION---Breach of Contract**

8.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2 The Carrier breached their contract with Plaintiff. As a result of the Carrier's breach, Plaintiff suffered legal damages.

Unofficial Copy Office of Chris Daniel District Clerk

**FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing**

9.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2 The Carrier, as the Property's coverage insurers, had a duty to deal fairly and in good faith with Plaintiff in the processing of the claim. The Carrier breached this duty by refusing to properly investigate and effectively denying insurance benefits. The Carrier knew or should have known that there was no reasonable basis for denying or delaying the required benefits. The Carrier's duty of good faith and fair dealing was non-delegable. As a result of the Carrier's breach of these legal duties, Plaintiff suffered legal damages.

**SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith**

10.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2 Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claim for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

**SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA**

11.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or

Unofficial Copy Office of Chris Daniel District Clerk

illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

**KNOWLEDGE**

12.1 Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

**RESULTING LEGAL DAMAGES**

13.1 Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits, and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

14.2 As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3 Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4 Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

14.5 Plaintiff is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

Unofficial Copy Office of Chris Daniel District Clerk

14.6 As a result of Defendants' acts and/or omissions, Plaintiff have sustained damages in excess of the jurisdictional limits of this Court.

14.7 Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.8 Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff has judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Unofficial Copy Office of Chris Daniel District Clerk

Respectfully submitted,

**RAIZNER SLANIA LLP**

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax: 713.554.9098
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

**JURY DEMAND**

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

**JEFFREY L. RAIZNER**